UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Henley, # 303810,<br>aka William Arthur Henley,<br>William H. Henley, # 247392, # 178816, and # 76176,<br><br>Petitioner,<br><br>vs.<br><br>S.C. Dept. Of Social Service,<br><br>Respondent. | ) C/A No. 2:11-cv-111-JFA-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Petitioner, a state prisoner in the custody of the South Carolina Department of Corrections (SCDC) in Evans Correctional Institution (ECI), in Bennettsville, South Carolina, brings this action against the South Carolina Department of Social Services, seeking a writ of mandamus and a preliminary injunction "ordering defendant [sic] to produce documents which are in there [sic] custody, regarding the supporting children(s) [sic], DNA testing, financial hearing or any other court hearing and all information that govern [sic] the assistance of inmates once they are release [sic] from the S.C. Dept. of Correction [sic]."  (ECF No. 1, p. 3).  Petitioner also asks this Court to order "that the defendant stop all financial enforcement against plaintiff [sic]" and grant "any additional relief this court deem [sic] just, proper, and equitable."  (ECF No. 1, p. 3-4).  Petitioner alleges that, since his incarceration in September 2006, "his family member informed him the South Carolina Dept. of Social Services (DSS) was looking for him" and that "on or around March 2007, the Richland County Sheriff Officer served the plaintiff [sic] with a child support notification."  (ECF No. 1, p. 2).  Petitioner alleges that, from 2007 to 2010, he "has

1

consistently and faithfully requested for a financial hearing, or documentation (discovery) substantiating, or supporting any payments, etc." as well as "local information on how prisoner [sic] can recieve [sic] assistance with drug convictions." (ECF No. 1, p. 3).

## *PRO SE* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A(b). Additionally, pursuant to F. R. Civ. P. 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

It is well settled that a writ of mandamus[1] is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus *only against an employee or official of the United States. Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir., Oct 24, 1986)(unpublished opinion)(same).

In *Gurley*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District

---

[1] *See Black's Law Dictionary* (8th ed. 2004) (mandamus: "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly.")

Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley*, 411 F.2d at 587. The holding in *Gurley* was followed by the United States Court of Appeals for the Second Circuit in *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988). In *Davis*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" *Davis*, 851 F.2d at 74. In *Craigo v. Hey*, 624 F. Supp. 414 (S.D. W. Va. 1985), the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *Craigo*, 624 F. Supp. at 414. *See also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990).

Because the Respondent in this case, the South Carolina Department of Social Services, is a state agency of the State of South Carolina, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against Respondent. It is therefore recommended that the District Court dismiss Petitioner's petition for writ of mandamus, *without prejudice* and without issuance and service of process, because this Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3), Fed. R. Civ. P. 41(b)(dismissal for lack of jurisdiction is *not* deemed to be an adjudication on the merits).

Petitioner's request for a preliminary injunction is construed as a Motion for Preliminary Injunction. *See* Fed. R. Civ. P. 7(b), 65(a). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate that: (1) he is likely

to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24-25 (2008). Here, it is recommended that Petitioner's Petition for a Writ of Mandamus be summarily dismissed because this Court lacks jurisdiction to issue such a writ. Thus, Petitioner has no likelihood of success in the underlying case. Petitioner also fails to show that he will suffer irreparable injury if he is not granted a preliminary injunction. Additionally, he has not shown that the balance of equities tips in his favor or that an injunction is in the public interest.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss Petitioner's Petition for Writ of Mandamus and deny Petitioner's Motion for Preliminary Injunction in this case, without prejudice and without issuance and service of process, because the Court lacks subject matter jurisdiction.

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 15, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).